ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-40160-05-JAR |
| | ) | |
| BERNICE STEWART, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bernice Stewart's Motion to Dismiss

(Doc. 201).  At a hearing on July 29, 2008, the parties represented that the motion could be

submitted on the briefs without an evidentiary hearing.  For the reasons stated below,

defendant's motion to dismiss is denied.

On June 11, 2008, the Grand Jury returned a Second Superseding Indictment

("Indictment") in this matter.  The Indictment charges defendant in Counts 6, 16, 19, 22, 27, 35,

39, 41, 44, and 51 with violations of 21 U.S.C. § 856(a)(1).  Section 856(a)(1) makes it unlawful

to "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily,

for the purpose of manufacturing, distributing, or using any controlled substance."   Each of the

above counts allege a violation of § 856(a)(1) on a separate and distinct date.

Defendant moves to dismiss Counts 16, 19, 22, 27, 35, 39, 41, 44, and 51 as

multiplicitous with Count 6, arguing that the conduct charged in these counts represents a course

of conduct, rather than separate and distinct offenses.  "Muliplicity refers to multiple counts of

an indictment which cover the same criminal behavior."[1]  Multiplicitous counts are considered improper because they can lead to multiple punishments for the same offense in violation of the Double Jeopardy Clause."[2]  The test for whether counts are multiplicitous "is whether the individual acts are prohibited, or the course of [conduct] which they constitute."[3]  If the individual acts are prohibited, then each act is punished separately, otherwise, there can be only one penalty.[4]

Consequently, the Court must determine the "allowable unit of prosecution" Congress intended in 21 U.S.C. § 856(a)(1).[5]  While this issue has not been decided by the Tenth Circuit, the Fifth Circuit has concluded that maintaining a crack house under this statute "constitutes a separate offense each day it is continued. . . . [Defendant's] actions did not represent a single impulse . . . but successive impulses, meriting separate indictments."[6]  This Court follows the Fifth Circuit's reasoning here.  The Indictment charges defendant with ten different instances of knowingly using or maintaining a place for the purpose of manufacturing, distributing, or using a controlled substance.  The plain language of the statute makes clear that Congress intended each use or maintenance of a place for the purposes described to be a distinct offense.  Here, the Indictment alleges that defendant committed a separate offense on each date that she used or

---

[1]*United States v. Barrett*, 496 F.3d 1079, 1095 (10th Cir. 2007) (quoting *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997)), *cert. denied*, 128 S. Ct. 1646 (2008).

[2]*Id.*

[3]*Id.* (quoting *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002)).

[4]*Id.*

[5]*See United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952).

[6]*United States v. Cooper*, 966 F.2d 936, 944 (5th Cir. 1992) (citing *Blockburger v. United States*, 284 U.S. 299, 302 (1932)).

maintained the Swygart residence for a drug sale.  While these counts obviously require proof of the same elements, they are based on separate and distinct drug sales that occurred on different dates.[7]  Therefore, the § 856(a)(1) counts are not multiplicitous and defendant's motion is properly denied.

      **IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Bernice Stewart's Motion to Dismiss (Doc. 201) is **denied**.

      **IT IS SO ORDERED**.

      Dated this <u>28th</u> day of August, 2008.

                             <u> S/ Julie A. Robinson  </u>
                             Julie A. Robinson
                             United States District Judge

---

[7]*See Blockburger*, 284 U.S. at 302; *Abioudun v. Maurer*, 257 F. App'x 111, 115 (10th Cir. 2007) ("the Double Jeopardy Clause is not implicated when a defendant is convicted of two wholly separate offenses that occur days apart."); *Miranda v. Cooper*, 967 F.2d 392, 403–04 (10th Cir. 1992).